**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**JAMES J. MALOT et al,**
**Plaintiffs**

**v.** **CIVIL NO. 03-1185 (DRD)**

**DORADO BEACH COTTAGES et al,**
**Defendants**

**ORDER**

Pending before the Court is plaintiffs' August 8, 2005 *Motion for Reconsideration* (Docket No. 103). Through said motion, plaintiffs request the Court to reconsider its Dismissal of Plaintiffs' Complaint issued on July 28, 2005 dismissing the civil case with prejudice. (Docket No. 101). Defendants duly opposed and plaintiffs counter replied. (Docket No. 106 & 108, respectively).

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The facts, as stated by plaintiffs in the complaint, are as follows: in October, 1990, defendants approached plaintiffs with a proposal to build several, separate, residential units in the area of Dorado, Puerto Rico. The proposed plan envisioned plaintiffs to buy one of the units; Plaintiffs were, thus, to advance to defendants a $100,000.00 deposit and a promissory note for $600,000.00 enabling defendants to proceed to finance and build the project. Once the project was concluded, defendants would turn over to plaintiffs the housing unit in exchange for the $600,000.00, as agreed by the Promissory Note, and an additional $100,000.00, thus, paying a total price of $800,000.00 for the residential unit.

On September 24, 1994, plaintiffs signed a "Reservation Agreement" and delivered defendants a check for $100,000.00. Two days later, on September 26, 1994, plaintiffs subscribed a Promissory Note for $600,000.00. The construction took place between 1994 and 1998. During this period, disagreements between the parties ensued. Sometime during the construction period,

plaintiffs moved to the state of California.

On July 9, 1998, defendants sent a letter to plaintiffs requesting their consent to proceed with the signing of the Deed of Admission to the Limited Partnership Association.[1] Said letter informed plaintiffs that the consent was required immediately or defendants would return the money and rescind the contracts between the parties. Subsequently, on September 11, 1998, plaintiffs replied to the July 9th letter requesting from defendants a copy of the Deed of Admission to the Limited Partnership Association in order for plaintiffs to consent by signing the said document. On November 19, 1998, defendants sent a written communication to plaintiffs returning the $100,000.00 and the Promissory Note, and informing plaintiffs they were rescinding the contract between the parties. Defendants, Dorado Beach Cottages, had, through said action, unilaterally terminated the agreement as was allowed under the contract. (*See* Note 1, *infra*). Plaintiffs, then, proceeded to file the instant case requesting defendants' specific compliance with the contract, or, in the alternative, an award of damages for breach of contract in the amount of two and a half million dollars ($2,500,000.00). (Docket No. 75).

After a long and fruitless procedural attempt to conclude the required discovery proceedings, on January 14, 2005, the defendant filed a "*Motion to Dismiss*" pursuant to Fed.R.Civ.P. 37(b)(2)(c) to move this Court to dismiss the instant case. (Docket No. 68). Accordingly, on July 28, 2005, this Court issued an order dismissing plaintiffs' complaint with prejudice. The Court, resting mainly on plaintiffs' **repeated** disregard of the Court's orders even **after receiving a forewarning as to**

---

[1] The Reservation Agreement entered into by the parties stated that the Dorado Beach Cottages Associates was under no obligation to develop, construct, or deliver a Housing Unit to any Interested Partner - i.e. the plaintiffs herein - until the Interested Partner has been admitted into the special partnership. Admission into the special partnership was contingent on both the Interested Partner and Dorado Beach Cottages Associates signing the Deed of Admission.

**potential future imposition of sanctions**, **DENIES** the request. (Docket No. 101).[2]

Now pending before the Court is plaintiffs' "*Motion for Reconsideration*" (Docket No. 103) wherein they request this Court reconsider its July 28, 2005 decision. Plaintiffs contend that the dismissal of the case with prejudice is "too harsh of a penalty" considering: (1) their effort to comply with the Court's orders, (2) that defendants were not prejudiced by any of the alleged misconduct, (3) that plaintiffs were not notified that the Court would consider dismissal as a sanction, and (4) that plaintiffs' cause of action deserves to be adjudicated on the merits.

---

[2] On January 27, 2004, the Court held an Initial Scheduling Conference in which a cut-off date for discovery proceedings was set by the Court for **November 1st, 2004**, both parties agreed to this date and no objection was lodged by any of them. (Docket No. 33). Subsequently, on March 12, 2004, **Plaintiffs requested an extension of time** until April 4, 2004 to answer interrogatories (Docket No. 37). **The Court granted the request**. (Docket No. 40). Notwithstanding, Plaintiffs failed to comply with their own self-imposed deadline. Plaintiffs filed the answer to interrogatories on May 24, 2004 (Docket No. 38), untimely by almost two months, failing, thus, to comply with Court related deadlines for the first time. On June 3, 2004, the Court held a Status Conference and continued the cut-off date for discovery for December 15, 2004. (Docket No. 42). Moreover, during a Settlement Conference held on July 12, 2004 **the Court, once again extended the discovery cut-off date** until January 14, 2005. (Docket No. 43).

After several failed attempts to depose Plaintiffs, Defendants requested from the Court an order to compel both plaintiffs to appear for depositions due to them having failed to appear. (Docket No. 50). Taking into consideration Plaintiffs' suggestions of October 20th and 21st, the Court set the dates for both of Plaintiffs' depositions for October 20th, 21st and 22nd of 2004 (Docket No. 55). Notwithstanding this Court's Order, only two weeks prior to the taking of said deposition, Dr. Caroline Chantry informed Defendants she had to leave early on the 20th to catch a plane. Dr. Chantry could only be deposed for about two hours before she left. Plaintiffs later agreed that Dr. Chantry would return to Puerto Rico for the taking of her deposition on November 23, 2004. **Once again, plaintiffs failed to do so.**

Two days before the third cut-off date to conduct discovery was to expire, **Plaintiffs petitioned the Court to change the date** for discovery proceedings for February 11, 2005. (Docket No. 66). During a Status Conference held on January 12, 2005, **the Court granted the request** and extended the cut-off date until February 14, 2005. The Court, at that moment, **warned the parties that no more extensions would be granted** on this matter and advised Plaintiffs' lawyer that Dr. Chantry had to travel to Puerto Rico to finish her deposition before said date. (Docket No. 76). (Moreover, the Court had already, back in October of 2004 (Docket No. 55) **forewarned plaintiffs that failure to comply** with the Court's order to travel to Puerto Rico so as to be deposed, **sanctions would be imposed**.) Notwithstanding the Court's warning that this was the last extension to be granted, Plaintiffs, once again and only two days before the discovery period was to expire, requested the Court to extend, **for a fifth time**, the cut-off date for discovery until March 15, 2005. (Docket No. 80). **This request was denied**. (Docket No. 83). Even after the parties were warned no more extensions of time would be granted, Dr. Chantry failed to appear in Puerto Rico to finish her deposition.

On March 1, 2005 Defendants filed a motion to dismiss pursuant to Fed. R. Civ. Proc. 37 (b) (2) (Docket No. 87) for which an opposition/response was due on March 14, 2005. On March 4, 2005 Plaintiffs filed **yet another** motion for extension of time until April 4, 2005 to answer the motion to dismiss (Docket No. 88). **The motion was granted** (Docket No. 98) and Plaintiffs filed the answer on March 31, 2005 (Docket No. 93).

Consequently, defendants duly opposed plaintiffs' request. Said opposition was then counter-opposed by plaintiffs' "*Surreply to Defendants' Reply to Motion for Reconsideration*" (Docket No. 108 & 110).

**II. STANDARD FOR RECONSIDERATION**

This Court has recently stated in Villanueva-Mendez v. Nieves-Vazquez, 360 F.Supp.2d 320, 321-24 (D.P.R. 2005), that motions for reconsideration are generally considered either under Rule 59 or 60 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), depending on the time such a motion is served. Perez-Perez v. Popular Leasing Rental, Inc., 993 F.2d 281, 284 (1st Cir., 1993). If a motion is served within ten (10) days of the rendition of judgment, the motion will ordinarily fall under Rule 59(e). Id. If the motion is served after that time it falls under Rule 60(b). Id. Whether under Rule 59 or Rule 60, a motion for reconsideration cannot be used as a vehicle to relitigate matters already litigated and decided by the Court. Standard Quimica de Venezuela v. Central Hispano International, Inc., 189 F.R.D.202, n.4 (D.P.R., 1999). These motions are entertained by courts if they seek to correct manifest errors of law or fact, present newly discovered evidence, or when there is an intervening change in law. *See* Rivera Surillo & Co. v. Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st Cir. 1994) *citing* F.D.I.C. Ins. Co. v. World University, Inc. 978 F.2d 10, 16 (1st Cir., 1992); Cherena v. Coors Brewing Com. 20 F. Supp. 2d 282, 286 (D.P.R., 1998); *see also* National Metal Finishing Com. v. Barclaysamerica/Commercial, Inc., 899 F.2d 119, 124 (1st Cir. 1990). Hence, this vehicle may not be used by the losing party "to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier". Id at 123. *See* Santiago v. Cannon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998). *See also*, Waye v. First Citizen's National Bank, 846 F. Supp. 310, 314 n.3 (M.D.Pa., 1994) (a motion for reconsideration

is unavailable if it simply brings a point of disagreement between the court and the litigant, or to reargue matters already properly prior thereto disposed).

As a general rule, motions for reconsideration should only be exceptionally granted. As the Western District Court of Pennsylvania has wisely explained:

> [M]otions for reconsideration must be strictly reviewed for at least four reasons. First, it would tend to undercut the court's first decision and transform it into an advisory opinion, which is prohibited. Second, motions for reconsideration run counter to the operation of the Federal Rules of Civil Procedure, which provide all the necessary safeguards to promote fair decisions. Third, broad interpretation of motions for reconsideration is not supported by controlling precedent. And last but not least, reconsideration of dispositive decisions...hinders the court's ability to decide motions awaiting resolution that have yet to be reviewed once, let alone twice.

Williams v. City of Pittsburgh, 32 F.Supp. 2d 236, 238 (W.D. Penn. 1998).

Thus, in the interest of finality, at least at the district court level, motions for reconsideration should be granted **sparingly** because parties should not be free to relitigate issues a court has already decided. Id; (*citing* New Chemic (U.S), Inc. v. Fire Grinding Corp., 948 F.Supp. 17, 18-19 (E.D Pa. 1996). "Stated another way, a motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly". Williams, 32 F.Supp.2d at 238. A district court may, however, grant a party's motion for reconsideration in any of three situations: (1) the availability of new evidence not previously available, (2) an intervening change in controlling law, or (3) the need to correct a clear error of law or to prevent manifest injustice. Dodge v. Susquehanna University, 796 F.Supp. 829, 830 (M.D.Pa., 1992)

Rule 59(e) motions cannot be used "to raise arguments which could have been raised prior to the issuance of the judgment". Pacific Insurance Company v. Am. National. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998); Cochran v. Quest Software, Inc., 383 F.3d 1, 11 (1st Cir. 2003). "Neither are Rule 59(e) motions appropriate 'to repeat old arguments previously considered and

rejected'." Trabal Hernandez, 230 F.Supp. 2d at 259; National Metal Finishing Co., 899 F.2d at 123; Colon v. Fraticelli-Viera 181 F.Supp.2d 48, 49 (D.P.R, 2002). **Hence, "motions for reconsideration are 'extraordinarily remedies which should be used sparingly'** " Trabal Hernandez, 230 F.Supp.2d at 259; National Metal Finishing Co., 899 F.2d at 123; *see also* Gonzalez-Pina v. Rodriguez, 407 F.3d 425, 433 (1st Cir. 2005); and are **"typically denied"**, 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §§ 2810.1 at 128 (2d ed. 1995) (*emphasis ours*).

The Rules of Civil Procedure do not specifically provide for the filing of motions for reconsideration. Sierra Club v. Tri-State Generation and Transmission Assoc., Inc., 173 F.R.D 275, 287 (D.C. Col, 1997); Hatfield v. Board of County Comm'rs for Converse County, 52 F.3d 858, 861 (10th Cir. 1995). Notwithstanding, any motion seeking the reconsideration of a judgment or order is considered as a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e) if it seeks to change the order or judgment issued. Id. Further, although Rule 59(e) refers to judgments, i.e rulings that are appealable, Rule 59(e)'s legal standard is applied to motions for reconsideration of interlocutory orders. Waye v. First Citizen's National Bank, 846 F.Supp. 310 (M.D.Pa. 1994) (request for reconsideration of an interlocutory order denying plaintiff's motion for a default judgment); Atlantic Sales Legal Foundation v. Karg Bros. Inc., 841 F.Supp. 51, 55 (N.D.N.Y. 1993) (motion for reconsideration of an order granting in part and denying in part a motion for summary judgment); Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99F.R.D 99 (E.D Va. 1983) (motion for reconsideration of order denying motion to dismiss). The matter in this case is interlocutory in nature since no Judgment was consequently entered provided that a counterclaim is still pending against plaintiffs. (Docket No. 21).

Although the general rule is that motions for reconsideration will not be considered when filed more than ten days after the judgment at issue is entered, this deadline does not apply to the reconsideration of interlocutory orders. With interlocutory orders, whether a motion for reconsideration has been timely filed or not rests solely on whether or not the motion was filed unreasonably late. Nieves-Luciano v. Hernández-Torres, 397 F.3d 1, 4 (1st Cir. 2005). McDowell Oil Service, Inc. v. Interstate Fire and Casualty Company, 817 F. Supp. 538, 543 (M.D Pa., 1993); Frito Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 389-90 (D.P.R., 1981); Atlantic States Legal Foundation v. Karg Bros., 841 F.Supp. at 55; McCarthy v. Manson, 714 F.2d 234, 237 (2nd Cir. 1983). The Court holds that the instant motion is not unreasonably late in its filing.

**III. LEGAL ANALYSIS**

As discussed above, should a request for reconsideration be served within ten (10) days of the rendition of judgment, the motion will ordinarily fall under Rule 59(e), but if the said request should have been served after such time Rule 60(b) is applicable. However, since the Court did not render a final judgement but an interlocutory order, this deadline does not apply and, consequently, plaintiffs' request shall be resolved pursuant to Rule 59(b).

Plaintiffs contend that the dismissal of their claim with prejudice is "too harsh of a penalty" considering (1) their effort to comply with the Court's orders, (2) that defendants were not prejudiced by any of the alleged misconduct, (3) that plaintiffs were not notified that the Court would consider dismissal as a sanction, and (4) that plaintiffs' cause of action deserves to be adjudicated on the merits. (*Motion for Reconsideration*, Docket No. 103 at 2) These arguments do not persuade the Court to vacate its previous decision.

Although dismissal with prejudice is, indeed, a strong medicine not to be dispensed casually,

a court may, in appropriate circumstances, dismiss a case with prejudice for violation of a judicial order without consideration of lesser sanctions. *See* Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 46 (1st Cir. 2002). Furthermore, dismissal is quite appropriate when plaintiff's misconduct is extreme. Moreover, disobedience of court orders, in and of itself, constitute extreme misconduct.[3] Id; *see also* Bachier-Ortiz v. Colon-Mendoza, 331 F.3d 193, 195 (1st Cir. 2003). Additionally, this Court need not exhaust milder sanctions before resorting to dismissal when a noncompliant litigant has disregarded court orders and has been suitably forewarned regarding potential future harsh sanctions. Chamorro v. Puerto Rican Cars, Inc., 304 F.3d 1, 2 (1st Cir. 2002).

This Court has been kind enough to grant the plaintiffs several requests to extend already previously set cut-off dates for discovery of dispositive motions. These requests were granted even when plaintiffs consistently waited until almost the last day of the time granted to plaintiffs by this Court to file their requests. In turn, plaintiffs continued to request further extensions and extensions of their already extended time period, thus plaguing this Court's record with time consuming avoidable requests. Despite the Court's understanding and leniency, plaintiffs continued with their proclivity of disobeying the Court's orders regardless of our express warnings as to potential sanctions. (Dockets No. 33, 55, 84). The Court can not tolerate the lollygagging conduct of plaintiffs. This Court can not, and will not, allow litigants to treat orders "as a frivolous piece of paper idly entered, which can be cavalierly disregarded without peril" as has been the repeated conduct of plaintiffs in the instant case. *See* O'Connell v. Hyatt Hotels of Puerto Rico, 357 F.3d 152,

[3] But in the instant case, plaintiffs were forewarned as to potential sanctions: "Notwithstanding, defendants' request for imposition of reasonable attorney [sic] fees, pursuant to Fed.R.Civ.P. 37(d), in connection with plaintiffs' obstinate refusal to appear to the taking of their depositions, is **denied without prejudice**, at this time. However, plaintiffs are forewarned that the Court will not hesitate to impose sanctions as a consequence of failure to comply with this order." (Docket No. 55, at 2).

155 (1st Cir. 2004). Consequently, this Court has made use of its discretionary authority to dismiss the present claim for failure to comply with discovery orders given to the plaintiffs. *See* Damiani v. Rhode Island Hosp., 704 F.2d 12, 17 (1st Cir. 1983). Plaintiffs also contend that this Court's dismissal was "too harsh of a penalty" considering that the defendants were not prejudiced by their misconduct. The First Circuit has expressed in multiple occasions that:

> [When] determining whether a plaintiff's misconduct has been extreme, [the Court] engage in an open-ended balancing test taking into consideration: whether there [was] extremely protracted inaction, disobedience of court orders, ignorance of warnings, contumacious conduct, ... or some other **aggravating circumstance** such as **prejudice to the defendant**, glaring weakness in the plaintiff's case, and the wasteful expenditure of a significant amount of the district court's time.

John's Insulation Inc. v. L. Addison and Associates, Inc., 165 F.3d 101, 109 (1st Cir. 1998) (*emphasis ours*); *see also* Estate of Solis-Rivera v. U.S., 993 F.2d 1, 2-3 (1st Cir. 1993); Benjamin v. Aroostook Medical Center, Inc., 57 F.3d 101, 108 (1st Cir. 1995); Figueroa Ruiz v. Alegria, 896 F.2d 645, 648 (1st Cir. 1990); HMG Property Investors, Inc. v. Parque Industrial Rio Cana, Inc., 847 F.2d 908, 917 n.13 (1st Cir. 1988).

As noted above, prejudice suffered by a defendant as a result of plaintiff's misconduct is just another **aggravating factor** which will result in adding more weight to the Court's decision to dismiss. In other words, although the Court may consider additional factors that aggravate plaintiff's careless conduct, as long as such conduct is considered extreme, the Court has enough reasons to dismiss the case without the necessity of considering further elements. Consequently, the Court understands that, contrary to plaintiffs' proposition, the prejudice suffered by defendants herein due to plaintiffs' extreme misconduct is an additional aggravating factor, albeit not an indispensable factor, supporting this Court's previous dismissal. With this in mind, this Court determines that even

if defendants did not result prejudiced, plaintiffs' behavior is extreme, and, therefore, the dismissal of the case is the most appropriate remedy and within the Court's authority pursuant to Fed.R.Civ.P 37(b)(2). However, delay to the Court is sufficient prejudice together with disobedience to a Court order. The Court finds this is inexcusable. Plaintiffs must be reminded that "[p]rejudice to the court is inherent in needless delays and postponements." Chuang Invs. v. Eagle Inns, Inc., 81 F.3d 13, 14 (1st Cir. 1996). Consequently, this Court holds that **plaintiffs' failure to comply with Court orders signals lack of interest and, buttresses the Court's conclusion that dismissal of this case is appropriate**. *See* Id.

Plaintiffs also contend that their cause of action deserves to be adjudicated on the merits. Upon judging their erratic conduct, we are forced to conclude that if they truly believed their claim deserved the Court's consideration, plaintiffs should have been diligent in prosecuting their claim and should have, at a minimum, complied with the Court's orders. Plaintiffs' inactivity and lack of prosecution demonstrate nothing but an absolute absence of interest towards their case. Accordingly, the Court has no alternative but to conclude that plaintiffs' claims have, in fact, been adjudicated. Fed.R.Civ.P. 41(b) delineates the effect of an involuntary dismissal of a case. Rule 41(b) states that:

> [F]or failure of the plaintiff to ... comply with these rules or any order of court, a defendant may move for dismissal of an action or any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, ... operates as an **adjudication upon the merits**. " (*emphasis ours*).

Nevertheless, when a case is dismissed for lack of jurisdiction or improper venue, then such dismissal does not operate as an adjudication upon the merits. *See* Fed.R.Civ.P 41(b); *see also* Costello v. U.S., 365 U.S. 265, 284 (1961); Leon-Rios v. U.S. Marshal Service, 341 F.3d 7, 13 (1st Cir. 2003); Abdullah v. Acands, Inc., 30 F.3d 264, 269 (1st Cir. 1994). Consequently, pursuant to

the aforementioned, the case at bar has been adjudicated on the merits and, therefore, plaintiffs' argument that it deserves to be adjudicated upon the merits has become moot.

In sum, plaintiffs failed to establish that the Court's dismissal suffers from "manifest errors of law" that should be corrected. *See* Trabal Hernandez, 230 F.Supp. 2d at 259. Plaintiffs bring forth neither newly discovered evidence that the Court should consider nor an intervening change in controlling law nor the need to prevent manifest injustice in order to be entitled to the relief sought. *See* Dodge v. Susquehanna University, 796 F.Supp. at 830. A motion for reconsideration is not the means to simply raise a point of disagreement between the court and the litigant. *See* Waye v. First Citizen's National Bank, 846 F.Supp. at 314 n.3.

Furthermore, none of plaintiffs' argument established that this is a unique situation "where principles of equity *mandate* relief" Jinks v. Alliedsignal Inc., 250 F.3d at 387 quoting Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir. 1990) (*emphasis in original*), that justifies that the extraordinarily remedy requested should be granted. This tool is not a means for a party to request the Court "to rethink a decision it has already made, rightly or wrongly." Williams v. City of Pittsburgh, 32 F.Supp. 2d at 238. Finally and most importantly, plaintiffs have failed to bring forth any evidence to justify relief pursuant to Rule 59 and the applicable case law.

**IV. CONCLUSION**

After careful consideration of Plaintiffs' *Motion for Reconsideration* (Docket No. 103), the Court finds that the proffer at the motion fails to make a sufficient showing regarding any extraordinary situation or just cause which would move the Court to grant relief upon reconsideration. As a result, this Court hereby **DENIES** Plaintiffs' *Motion for Reconsideration* (Docket No. 103) and **REAFFIRMS** its previous order denying plaintiffs' claims. (Docket No. 101).

Plaintiffs are to answer the counterclaim on or before Wednesday, November 23, 2005.[4] No extension will be granted.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 4th day of November 2005.

S/ Daniel R. Dominguez
**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**

[4] Should defendants be interested in not pursuing their counterclaim at this time, they may simply request the Court to dismiss without prejudice pending appeal results, so as to then reinstate the counterclaim after the appeal, if necessary. Should the latter occur, the Court shall then enter judgment of dismissal.